IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24–cv–00123–PAB–MDB

MAGGIE MAE HENDERSON,

     Plaintiff,

v.

LEAH BURROWS, Division of Education, Colorado Department of Corrections, in her individual and official capacities,
TOM WERLICH, Warden, La Vista Correctional Facility, in his individual and official capacities,
TAMARA GOLD, Operations Major, Colorado Department of Corrections, in her individual and official capacities,
CHERYL MAES, Programs Major, Colorado Department of Corrections, in her individual and official capacities,
VANESSA ORNALES, Major, Colorado Department of Corrections, in her individual and official capacities,
SUSAN PRIETO, Lieutenant, Colorado Department of Corrections, in her individual and official capacities, and
JOHN/JANE DOE #7–17,

     Defendants.

---

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Maritza Dominguez Braswell**

     This matter is before the Court on Defendants' Partial Motion to Dismiss Plaintiff's

Second Amended Complaint Pursuant to Rule 12(b)(1) and 12(b)(6). (["Motion"], Doc. No. 67.)

Plaintiff has not filed a response and the time to do so has lapsed.[1] After reviewing the Motion

---

[1] The Motion was filed August 8, 2025, making Plaintiff's presumptive response deadline August 29, 2025. Plaintiff failed to respond, but on September 9, 2025, filed a motion to appoint counsel. (Doc. No. 69.) The Court denied Plaintiff's motion on December 4, 2025, but extended

and relevant law, the Court respectfully **RECOMMENDS** that Defendants' Motion be

**GRANTED**.

**SUMMARY FOR *PRO SE* PLAINTIFF**

The Court is recommending that Defendants' Partial Motion to Dismiss be granted. First,

the Court finds the request for injunctive relief is moot because you are no longer incarcerated.

Second, your requests for compensatory and hedonic damages are barred by the Prison Litigation

Reform Act. Third, the allegations in the complaint are too vague and general to support a

defamation or intentional infliction of emotional distress claim nor do they support a claim of

willful and wanton conduct which is necessary to overcome the Defendants' sovereign immunity

challenge. Additionally, the complaint does not allege enough facts to support a retaliation claim

against Defendants Burrows, Werlich, Gold, and Prieto, who do not appear to have personally

participated in the challenged actions. Finally, the Court recommends dismissal of the equal

protection claims because the allegations are insufficient to demonstrate that you were

differently than a similarly situated individual. This is only a high-level summary of the Court's

Recommendation. The entire Recommendation is set forth below along with information about

your right to object to it.

**BACKGROUND**

*Plaintiff's Allegations*

---

her deadline to file a response to the Motion to Dismiss to January 9, 2026. Plaintiff has not
responded.

2

Plaintiff, who during the relevant period was an inmate and member of the "Honor House" at La Vista Correctional Facility ("LVCF"),[2] alleges that on December 13, 2022, she witnessed two fellow inmates in an intimate embrace. (Doc. No. 39 at 6.) She further alleges that on December 16, 2022, one of the inmates in question admitted to Plaintiff that she was in a romantic relationship with the other inmate. (*Id.*)

Plaintiff reported the incident to Defendant Prieto because she believed it violated "Honor House Program policy" and the Prison Rape Elimination Act. (*Id.* at 6–7.) Defendant Prieto allegedly did not take action or notify her supervisor. (*Id.*) Plaintiff says that in February 2023, she sent a letter to Colorado Department of Corrections ("CDOC") official Amanda Clausen, describing the incident in question and LVCF's lack of action. (*Id.* at 7.) Ms. Clausen allegedly alerted her supervisor, Defendant Burrow, who also took no action. (*Id.*) Plaintiff then met with Defendant Maes and Ms. Clausen about her letter on March 29, 2023. (*Id.* at 8.) Plaintiff says she thought the meeting "fully resolved" the letter, but instead it was the start of a retaliatory campaign against Plaintiff because Defendant Maes allegedly determined that Plaintiff's accusations were false. (*Id.* at 7–8.)

Specifically, Plaintiff alleges that on April 14, 2023, Defendant Maes and Ornales requested, and Defendants Burrows and Werlich approved, Plaintiff's suspension from the Honor House Program. (*Id.* at 7.) Plaintiff contends Defendant Maes and Ornales made "false accusations" when making their request, and that Defendant Ornales allowed Honor House inmates to vote to remove Plaintiff from the program. (*Id.* at 8, 13–14.) On May 11, 2023,

---

[2] Plaintiff was transferred to the Denver Women's Correctional Facility in August 2024 (*see* Doc. No. 21), and was later released on parole in March 2025. (*See* Doc. No. 55.)

Plaintiff was allegedly denied acceptance into the "Incentive Unit Program," by a committee that included Defendants Gold and Ornales, among others. (*Id.* at 7.) On May 23, 2023, Plaintiff was allegedly "excluded" from a "Restorative Justic Program interview" by Defendants Maes and Ornales, even though she had initially been selected for an interview. (*Id.*)

On June 11, 2023, Plaintiff requested an interview with Defendant Maes and Ornales to "report intimidation, harassment, and retaliation," but received no response. (*Id.*) Plaintiff also contends that Defendants Werlich and Gold denied any retaliation, and that Plaintiff was told her "negative behavior" was causing the adverse actions taken against her. (*Id.* at 8-10.)

***Plaintiff's Claims***[3]

In Claims 1 and 2, Plaintiff alleges First Amendment retaliation and violation of equal protection based on her report to LVCF staff and letter to CDOC.[4] (*Id.* at 6, 8.) In Claim 4, Plaintiff alleges defamation (via libel and slander) and intentional infliction of emotional distress.[5] (*Id.* at 9.) In Claim 6, Plaintiff alleges that certain Honors House policies violate the Equal Protection Clause.[6] (*Id.* at 13.)

---

[3] The Court does not address Claims 3 or 5 here because Claim 3 was dismissed during initial review, (*see* Doc. Nos. 18; 24), and the moving Defendants do not seek dismissal of Claim 5, which was brought solely against unidentified "John/Jane Doe Defendants 7–13." (Doc. No. 39 at 11.)

[4] Claim 1 is asserted against each of the moving Defendants and Claim 2 is asserted against each of the moving Defendants with the exception of Defendant Prieto Plaintiff also references Eighth Amendment deliberate indifference in these claims, but the Court cannot make out any Eighth Amendment theories underpinning the claims. (Doc. No. 39 at 6–9.)

[5] Claim 4 is asserted against each of the moving Defendants with the exception of Defendant Werlich.

[6] Claim 6 is asserted against Defendants Werlich, Gold, Ornales, and "John/Jane Doe Defendants 14–17." (*Id.* at 6–14.) Plaintiff also references "deliberate indifference" in this claim, but the allegations do not sound in deliberate indifference. (Doc. No. 39 at 13–14.)

Plaintiff seeks punitive, compensatory, and hedonic monetary relief, as well as injunctive relief in the form of: (a) the removal of the Honor House Program at La Vista Correctional Facility, (b) the removal of any inaccurate or false documentation in her "prison record," (c) that all CDOC Peer-Led Programs be monitored by an independent outside agency, and (d) the abolishment of certain Honors House rules. (*Id.* at 16–17.)

The moving Defendants say Plaintiff's request for injunctive relief is moot due to Plaintiff being paroled. (Doc. No. 67 at 5–6.) Defendants also argue Plaintiff's request for compensatory and hedonic damages are barred by the Prison Litigation Reform Act ("PLRA") (*Id.* at 20–21.) Defendants also seek dismissal of Claim 4, arguing the claim is barred by the Colorado Government Immunity Action ("CGIA") and that Plaintiff has failed to state a claim for relief. (*Id.* at 6–12.) Additionally, Defendants argue that Plaintiff fails to state retaliation claims against Defendants Burrow, Werlich, Gold, and Pietro. (*Id.* at 13–17.) Defendants also argue that Plaintiff fails to state any equal protection claims. (*Id.* at 19–20.)

**LEGAL STANDARD**

## I.      Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case but a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the complaint's allegations. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A challenge to subject matter jurisdiction may take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint under Rule

12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56. *Id.* at 1003.

## II.    Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view these allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). However, the "burden [remains] on the plaintiff to frame a 'complaint with enough factual matter to suggest' that [they are] entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009)). Ultimately, the Court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III.    *Pro se* Plaintiff

In applying the above principles, this Court is mindful Plaintiff proceeds *pro se* and thus affords her papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as her advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive

law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir.

2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.    Plaintiff's Requests for Injunctive Relief

Defendants first argue that Plaintiff's injunctive relief requests are moot in light of her

parole. (Doc. No. 67 at 5–6); *see supra* note 2. The Court agrees.

"Mootness is a threshold issue because the existence of a live case or controversy is a

constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100

F.3d 863, 867 (10th Cir. 1996). "Because federal courts can only adjudicate actual controversies,

a case becomes moot 'when it is impossible to grant any effectual relief.'" *Simpson v. Lewis*,

2021 WL 467340, at *2 (D. Colo. Jan. 19, 2021) (quoting *Cody Labs., Inc. v. Sebelius*, 446 F.

App'x 964, 967 (10th Cir. 2011)), *report and recommendation adopted*, 2021 WL 463632 (D.

Colo. Feb. 9, 2021).

As is relevant here, "an inmate's claim for prospective injunctive relief regarding

conditions of confinement becomes moot due to the inmate-plaintiff's release from

confinement." *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999); *see Jordan v. Sosa*,

654 F.3d 1012, 1027 (10th Cir. 2011) ("Where the prisoner's claims for declaratory or injunctive

relief relate solely to the conditions of confinement at the penal institution at which the prisoner

is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with

effective relief."). Moreover, "the hypothetical possibility that [the plaintiff], a former inmate on

supervised release, will violate the terms of that supervised release and be returned to the same

prison and same conditions of confinement cannot save an otherwise moot claim for prospective

injunctive relief relating to prison conditions." *McAlpine*, 187 F.3d at 1217; *see Edmond v. Raemisch*, 2013 WL 5443938, at *5 (D. Colo. Sept. 30, 2013) ("[C]ourts do not presume that a parolee will violate his parole conditions, causing him to be placed back into the same prison of which he complained.").

Here, Plaintiff seeks an order reforming various policies related to LCVF's Honor House, and other CDOC peer-led programs. *See supra* at 2. She also seeks edits to her "prison record." *Id.* But these issues are rendered moot by Plaintiff's parole, as she no longer has a personal stake in the Honor House program or other peer-led programs within CDOC facilities, nor does she have any current stake in whatever may be written in her prison record. *See Edmond*, 2013 WL 5443938, at *5. As such, the Court recommends the dismissal of Plaintiff's requests for injunctive relief against all Defendants in Claims 1, 2, and 6.

## II.    Plaintiff's Request for Compensatory and Hedonic Damages

Defendants also argue that Plaintiff's request for compensatory and hedonic is barred by the PLRA.[7]

Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

---

[7] Plaintiff is now on parole, but because she was an inmate when she initiated this action and filed the operative Complaint, the PLRA applies. *See May v. Segovia*, 929 F.3d 1223, 1227 (10th Cir. 2019).

Here, Plaintiff does not allege any physical injuries resulting from Defendants' alleged actions. Instead, Plaintiff's damages are grounded in allegations of "humiliation, mental anguish, and emotional distress[.]" (Doc. No. 39 at 10.) Thus, the PLRA bars Plaintiff's request for compensatory and hedonic damages.[8]

## III.    Plaintiff's State Law Claims

Defendants next argue that Plaintiff's common-law tort claims against Defendants Gold, Ornales, Prieto, Maes, and Burrows in Claim 4 are barred by the State's sovereign immunity. (Doc. No. 67 at 6–10.) Alternatively, Defendants argue Plaintiff fails to state a claim for relief. (*Id.* at 10–12.)

Colorado "public employees" are immune from liability in tort actions that "arise[ ] out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment *unless the act or omission causing injury was willful and wanton*[.]"[9] Colo. Rev. Stat. § 24-10-118(2)(a) (emphasis added); *see McKenzie v. City & Cnty. of Denver*, 2023 WL 5488465, at *8 (D. Colo. July 21, 2023) ("The CGIA allows suit against public employees if their conduct is 'willful and wanton.'"). "[U]nder general Colorado legal principles, conduct is willful and wanton only when it is done in conscious or reckless disregard of the rights of others." *Hurd v. Campbell*, 2023 WL 9534581, at *9 (D. Colo. Sept. 18, 2023),

---

[8] The Court notes that the PLRA does *not* "bar Plaintiff's recovery of nominal or punitive damages, even in the absence of a showing of physical injury." *Bueno v. Chekush*, 355 F. Supp. 3d 987, 1000 (D. Colo. 2018) (citing *Searles*, 251 F.3d at 876).

[9] The CGIA also waives sovereign immunity for claims arising out of the operations of a correctional facility regardless of whether the conduct was willful and wanton, but convicted inmates are exempted from this waiver. *See Glasser v. King*, 721 F. App'x 766, 770 (10th Cir. 2018); Colo. Rev. Stat. § 24-10-106(1.5)(a).

9

*report and recommendation adopted Hurd v. Cambell*, 2024 WL 839359 (D. Colo. Feb. 28, 2024); *see McDonald v. Wise*, 769 F.3d 1202, 1218 (10th Cir. 2014) (interpreting the CGIA as requiring that a plaintiff demonstrate that the defendant's actions were calculated to cause harm or done despite awareness that the actions would cause such harm).

Here, the allegations do not support a claim of willful and wanton conduct. (*See* Doc. No. 67 at 9–10). At most, Plaintiff repeatedly states Defendants made "defamatory statements," and "false accusations," wrongly accused her of "negative behavior," and accused her of "dropp[ing] kites" on Defendant Pietro. But these allegations are too vague and conclusory to demonstrate willful and wanton conduct. *See Katz v. City of Aurora*, 85 F. Supp. 2d 1012, 1033 (D. Colo. 2000), (finding the CGIA barred an IIED claim because the plaintiff "fail[ed] to set forth any allegation that [the defendants] actions were willful and wanton"), *aff'd*, 13 F. App'x 837 (10th Cir. 2001). Moreover, the allegations do not satisfy the pleading requirements for a defamation or IIED claim. *See Hayner v. Heavy, Inc.*, 2023 WL 9232945, at *3 (D. Colo. June 12, 2023) ("[V]ague and conclusory references to defamation ... do not satisfy the pleading requirements of Rule 8."), *report and recommendation adopted*, 2023 WL 9232958 (D. Colo. July 7, 2023). Indeed, the Amended Complaint provides little-to-no detail regarding the substance of the statements, what Defendants knew or should have known, or the circumstances in which the statements were made. Without additional detail, Plaintiff's Defamation and IIED claims cannot survive Defendants' sovereign immunity or pleading challenge.

## IV.    Plaintiff's Retaliation Claims

The Court next turns to Claims 1 and 2 (Plaintiff's retaliation claims). These are brought against all Defendants.

"Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action as substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okl.*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Plaintiff alleges she engaged in two constitutionally protected activities: (1) reporting intimate contact between inmates to Defendant Prieto in December 2022, and (2) sending a letter to a CDOC official regarding LVCF's lack of action to her report in February 2022. (*See generally* Doc. No. 39.) Plaintiff contends this reporting resulted in a campaign of retaliation by Defendants including: (a) Defendant Maes, Ornales, and Burrows suspending Plaintiff from the Honor House, (b) a committee that included Defendants Gold and Ornales denying Plaintiff acceptance into the "Incentive Unit Program," (c) Defendant Maes and Ornales excluding Plaintiff from a "Restorative Justice Program interview," and (d) Defendant Maes and Ornales declining to respond to Plaintiff's requests to speak with them. (*See id.*)

Defendants do not seek dismissal of the retaliation claims against Maes and Ornelas. (*See* Doc. No. 67 at n.6, 7.) They do contend, however, that the retaliation claims against Burrows, Werlich, Gold, and Prieto must be dismissed because Plaintiff has not alleged sufficient personal involvement by these Defendants to establish a constitutional violation. The Court agrees.

"[T]o successfully assert any ... claim under section 1983, a plaintiff must show the defendant personally participated in the alleged violation." *Pettigrew v. Long*, 2024 WL

11

5336648, at *3 (D. Colo. Aug. 15, 2024). This means there must be a direct link between the

alleged constitutional violation and the defendant's participation. *See Butler v. City of Norman*,

992 F.2d 1053, 1055 (10th Cir. 1993); *see also Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir.

2013) ("It is particularly important that plaintiffs make clear who is alleged to have done what to

whom, as distinguished from collective allegations." (emphasis omitted)). And where a plaintiff

alleges a defendant is liable based on their supervisory responsibilities, the allegations must

demonstrate (1) personal involvement; (2) a causal connection to the constitutional violation; and

(3) a culpable state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760,

767–69 (10th Cir. 2013) (discussing standards for supervisory liability).

Here, the Amended Complaint is devoid of allegations that Defendant Prieto had any

involvement in the alleged retaliatory campaign. Plaintiff merely asserts that her initial report

was made to Defendant Prieto (Doc. No. 39 at 7), but she does not allege that Defendant Prieto

participated in the events that followed. (*See id.* at 6–9.) Similarly, Plaintiff merely asserts

Defendant Gold was a member of the committee that denied Plaintiff acceptance into the

"Incentive Unit Program," but she does not allege that Defendant Gold personally took some

action.[10] (*See id.*) Without more, neither set of allegations clears the bar for a retaliation claim.

The claims against Defendants Burrows and Werlich also fail. Plaintiff alleges that both

Defendants, in their respective capacities as a CDOC official and LVCF warden, approved

Plaintiff's removal from the Honor House Program. But the Amended Complaint demonstrates

---

[10] Plaintiff also alleges that Defendant Gold, in a meeting with Plaintiff, denied any retaliation
was occurring. (Doc. No. 39 at 7.) However, that allegation, standing alone, does not establish
personal participation in the retaliation nor does it support a supervisory liability theory. *See
Schneider*, 717 F.3d at 767–69.

that the approval form was submitted by Defendant Maes and Ornales and that it was they who

provided the "false statements" and "inaccurate, incomplete, and opinionated information," to

Defendants Burrows and Werlich. (Doc. No. 39 at 8–9.) In other words, Plaintiff appears to

admit that Defendants Burrows and Werlich were not knowing participants. At best, they were

acting on information that was, unbeknownst to them, false. Thus, the retaliation claims against

Burrows and Werlich do not satisfy the personal participation requirement, and should be

dismissed.

## V.    Plaintiff's Equal Protection Claims

Finally, Defendants seek dismissal of the equal protection claims in Claims 1, 2, and 6.[11]

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State ... shall

deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend.

XIV, § 1. "The Clause 'creates no substantive rights. Instead, it embodies a general rule that

States must treat like cases alike but may treat unlike cases accordingly.'" *Teigen v. Renfrow*,

511 F.3d 1072, 1083 (10th Cir. 2007) (quoting *Vacco v. Quill,* 521 U.S. 793, 799, 117 S.Ct.

2293, 138 L.Ed.2d 834 (1997)). At bottom, to assert an equal protection claim, "plaintiffs must

first make a threshold showing that they were treated differently from others who were similarly

situated to them." *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998).

Here, Plaintiff fails to allege that she was subjected to treatment that was different from

similarly situated inmates. The allegations connected to Claims 1 and 2 are focused on the

alleged retaliation against Plaintiff, but say almost nothing about how her treatment compared to

---

[11] Claim 1 is brought against all Defendants, Claim 2 is brought against all Defendants except
Prieto, Claim 6 is brought against Defendants Werlich, Gold, Ornales, and John/Jane Doe
Defendants 14–17.

that of a similarly situated individual. At most, Plaintiff makes the conclusory and unexplained

assertion that "the actions of the Defendants towards the Plaintiff have not been applied to all

inmates that write a letter to CDOC HQ expressing concerns." (Doc. No. 39 at 9.) That bare

allegation, standing alone, is insufficient to plausibly allege an equal protection violation. *See*

*Bixler* 596 F.3d at 756. Moreover, Plaintiff's allegation that other inmates "received minor

suspensions from Peer-led Programs" at least partially undermines her position. It suggests

Plaintiff was treated similarly to her peers.

Claim 6's equal protection challenge to the Honor House Program rules fares no better.

Plaintiff does not allege that the policies treat similarly situated inmates differently from one

another. (Doc. No. 39 at 13–14.) At most, Plaintiff alleges Defendant Ornales violated Honor

House Policies in advocating for Plaintiff's removal. But conclusory allegations that a defendant

deviated from a facially neutral policy in a single instance, are insufficient to support an equal

protection claim. *See Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995) ("Mr. Brown's

allegations are merely conclusory in that they do not allege the factual basis for an equal

protection claim, and even *pro se* litigants must do more than make mere conclusory statements

regarding constitutional claims.").

## CONCLUSION

For the foregoing reasons the Court respectfully **RECOMMENDS** that Defendants'

Partial Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(1) and

12(b)(6) (Doc. No. 67) be **GRANTED** as follows:

- Claim 1 be dismissed to the extent it is brought against Defendants Burrows, Werlich, Gold, and Pietro;

14

- Claim 2 be dismissed to the extent it is brought against Defendants Burrows, Werlich, and Gold;

- Claim 4 be dismissed in its entirety;

- Claim 6 be dismissed in its in entirety;

- Defendants Burrows, Werlich, Gold, Pietro, and John/Jane Doe Defendants 14–17 be dismissed from this action; and

- Plaintiff's requests for injunctive relief and compensatory and hedonic damages be denied.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of February, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

16