IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-00123-PAB-MDB

MAGGIE MAE HENDERSON,

     Plaintiff,

v.

LEAH BURROWS,
TOM WERLICH,
TAMARA GOLD,
CHERYL MAES,
VANESSA ORNALES,
SUSAN PRIETO, and
JOHN/JANE DOE #7-17,

     Defendants.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 76]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 76 at 15-16; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 25, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings.").  In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P.

72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that

the Recommendation is a correct application of the facts and the law.

The Court adopts the recommendation's summary of plaintiff's claims, which no

party has objected to.  *See* Docket No. 76 at 4-5.  Plaintiff brings Claims One and Two,

alleging First Amendment retaliation and violation of "equal protection"; Claim Four,

alleging defamation (via libel and slander) and intentional infliction of emotional distress;

and Claim Six, alleging violations of the Equal Protection Clause.  *See id.* at 4.  Claim

One is asserted against the Leigh Burrows, Tom Werlich, Tamara Gold, Cheryl Maes,

Vanessa Ornelas, and Susan Prieto (collectively, "the Moving Defendants"); Claim Two

is asserted against the Moving Defendants, except for Ms. Prieto; Claim Four is

asserted against the Moving Defendants, except for Mr. Werlich; and Claim Six is

asserted against Mr. Werlich, Ms. Gold, Ms. Ornales, and "John/Jane Doe Defendants."

*See id.* at 4 n.4-6.  Plaintiff's claims are asserted against the Moving Defendants in their

individual and official capacities.  *See* Docket No. 39 at 2-5.

### A. Claims One, Two, and Six – Retaliation and Equal Protection Claims

The Court agrees that the portions of Claims One and Two that assert retaliation

claims against Ms. Burrows, Mr. Werlich, Ms. Gold, and Ms. Prieto should be dismissed

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary
to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo
review.  Fed. R. Civ. P. 72(b).

for failure to state a claim pursuant to Rule 12(b)(6).[2]  *See* Docket No. 76 at 10-13.  "A

dismissal with prejudice is appropriate where a complaint fails to state a claim under

Rule 12(b)(6) and granting leave to amend would be futile."  *Brereton v. Bountiful City

Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Although the Court finds that plaintiff fails

to state a claim under Rule 12(b)(6), the Court does not find, and defendants do not

argue, that amendment would be futile.  Thus, the Court will dismiss the retaliation

claims against Ms. Burrows, Mr. Werlich, Ms. Gold, and Ms. Prieto without prejudice.

Turning to the portions of Claim One and Two that assert equal protection claims,

the Court agrees that plaintiff fails to state a claim pursuant to Rule 12(b)(6) against the

Moving Defendants.  *See* Docket No. 76 at 13-14.  Thus, the Court will dismiss the

equal protection claims without prejudice, for the reasons discussed previously.  The

Court also agrees that Claim Six, which is an equal protection challenge to Honor

House Program Rules, is appropriately dismissed without prejudice pursuant to Rule

12(b)(6).  *See id.* at 14.

## B. Claim Four – State Law Claims

The Court agrees that Claim Four should be dismissed for lack of subject matter

jurisdiction.  *See id.* at 9-10.  As noted by the magistrate judge, under the Colorado

Government Immunity Action ("CGIA"), Colorado "public employees" are immune from

liability in tort actions that "arise[] out of an act or omission of such employee occurring

during the performance of his duties and within the scope of his employment *unless the

act or omission causing injury was willful and wanton.*"  *See id.* at 9 (quoting Colo. Rev.

---

[2] The Moving Defendants do not seek dismissal of the retaliation claims against
Ms. Maes and Ms. Ornelas.  Docket No. 67 at 17 n.6-7.

Stat. § 24-10-118(2)(a)).  Because plaintiff's allegations do not show willful or wanton conduct, the Court will dismiss Claim Four without prejudice for lack of subject matter jurisdiction.

### C.  Plaintiff's Requests for Relief

The Court agrees with the recommendation that plaintiff's request for injunctive relief and compensatory and hedonic damages must be dismissed.  *See id.* at 7-9. Plaintiff's request for injunctive relief that seeks reform of various Honor House Program policies is moot in light of plaintiff's release on parole.  *See id.* at 8.  Plaintiff's request for compensatory and hedonic damages is barred by the Prison Litigation Reform Act because plaintiff does not allege physical injuries resulting from defendants' alleged conduct.  *See id.* at 9.  Thus, the Court will deny these requests for relief.

### D.  Qualified Immunity

The Moving Defendants ask that all individual-capacity claims asserted against Ms. Prieto, Ms. Gold, Mr. Werlich, and Ms. Burrows be dismissed on the basis of qualified immunity.  Docket No. 67 at 22.  They ask that Claims Four, Five, and Six against the Moving Defendants in their individual capacities be dismissed on the basis of qualified immunity.  *Id.*[3]  Because the complaint fails to allege a constitutional violation on these claims, the Court will dismiss with prejudice these claims on the basis of qualified immunity.  *See Clark v. Wilson*, 625 F.3d 686, 692 (10th Cir. 2010) (instructing the district court to grant defendants' motion to dismiss based on qualified

---

[3] The Court will not consider Moving Defendants' request that individual-capacity claims asserted under Claim Five be dismissed on the basis of qualified immunity because Claim Five is only asserted against the Jane/John Doe Defendants.  *See* Docket No. 39 at 11.

immunity "with prejudice"); *McCrary v. Jones*, 2015 WL 873641, at *6 (W.D. Okla. Feb. 27, 2015) (dismissing claim with prejudice where defendant was entitled to qualified immunity).

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 76] is **ACCEPTED**.  It is further

**ORDERED** that Defendants' Partial Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(1) and 12(b)(6) [Docket No. 67] is **GRANTED**.  It is further

**ORDERED** that the portions of Claim One and Two that assert retaliation claims are **DISMISSED without prejudice** to the extent it is brought against Ms. Burrows, Mr. Werlich, Ms. Gold, and Ms. Prieto.  It is further

**ORDERED** that the portions of Claim One and Two that assert equal protection claims are **DISMISSED without prejudice**.  It is further

**ORDERED** that Claim Four is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  It is further

**ORDERED** that Claim Six is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's request for injunctive relief and compensatory and hedonic damages is denied.  It is further

**ORDERED** that plaintiffs' claims against Ms. Prieto, Ms. Gold, Mr. Werlich, and Ms. Burrows in their individual capacities are **DISMISSED with prejudice**.  It is further

5

**ORDERED** that plaintiffs' claims against the Moving Defendants in their individual capacities under Claims Four and Six are **DISMISSED with prejudice**.

DATED March 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge